

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00198-CR

---

SHONDA MAYLEE RAINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 24577B, Honorable Titiana Frausto, Presiding

---

November 4, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

After granting the State's motion to revoke her deferred adjudication, the trial court found Appellant, Shonda Maylee Rains, violated her probation and convicted her for possession of a controlled substance, sentenced her to four years' confinement, and assessed a $1,000 fine.[1]  By her sole issue, she claims the trial court violated her Sixth Amendment right to counsel by denying her request for new counsel at the hearing on the State's motion.  We affirm.

---

[1] Tex. Health & Safety Code Ann. § 481.115(d).

BACKGROUND

In 2015, Appellant pleaded guilty to third-degree possession of one-to-four grams of a controlled substance under penalty group one of the Texas Health & Safety Code.[2] She received deferred adjudication for four years and a fine of $1,000. Over the following eight years, Appellant violated the terms of her probation several times, and after a motion by the State to revoke her probation each time, her probation was extended. The final motion to revoke was filed in December of 2023.

The hearing on the State's motion took place in May 2024. At the hearing, Appellant stated to the trial court she wished to have another attorney appointed to her, claiming her appointed attorney refused to gather witnesses and also did not return her calls or text messages. The trial court denied the motion, and the hearing proceeded with her appointed attorney. At the conclusion of the hearing, the trial court, having found sufficient evidence of Appellant's violation of the conditions of her probation, revoked her probation, sentenced her to four years' confinement, and assessed a $1,000 fine.

## STANDARD OF REVIEW

We review constitutional claims implicating both issues of fact and law under a bifurcated standard of review: fact findings are reviewed for an abuse of discretion, while applications of law are reviewed de novo. *See State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019); *State v. Lopez*, 631 S.W.3d 107, 114 (Tex. Crim. App. 2021). A trial court's findings are afforded almost total deference if they are supported by the record, especially when the findings are based on credibility. *Rios v. State*, 665 S.W.3d 467, 478

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(c).

(Tex Crim. App, 2022) (citing *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)). We view the sufficiency of the evidence in the light most favorable to the trial court's ruling. *Rios*, 665 S.W.3d at 478–79. *See also Jackson v. Virginia*, 443 U.S. 319 (1979). Findings unsupported by the record are discarded. *Id.* (citing *Tucker v. State*, 369 S.W.3d 179, 187 (Tex. Crim. App. 2012). We will sustain the trial court's application of the law if it is correct on any applicable theory of law, and the record reasonably supports the ruling. *Ruiz*, 581 S.W.3d at 785 (citing *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010)).

## ANALYSIS

Appellant's only issue complains the trial court should have afforded her the opportunity to seek new counsel or should have appointed her new counsel before hearing the State's motion to revoke her probation. She urges the denial of new counsel was a violation of her Sixth Amendment right to counsel, and the trial court abused its discretion in failing to allow her to obtain a new attorney.

While a defendant has the right to select her counsel, she may not wait until the day of trial to demand different counsel or to request counsel be dismissed in order to retain other counsel. *Perez v. State*, No. 07-14-00383-CR, 2015 Tex. App. LEXIS 10788, at *3–4 (Tex. App.—Amarillo Oct. 20, 2015, no pet.) (mem. op., not designated for publication) (citing *Scales v. State*, No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *20 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication)). When competent counsel is available and fully prepared to represent the defendant, a trial court does not abuse its discretion by denying an untimely request for continuance based on the unavailability of the defendant's counsel of choice. *Id.*

3

Appellant waited until the day of the hearing to complain about her attorney. Her attorney was appointed to her four months before the hearing, and she failed to make any complaints to the trial court during that time. There is nothing in the record to indicate the appointed attorney was not prepared to vigorously represent Appellant in her defense. At the hearing on the State's motion, Appellant raised for the first time her lack of confidence in her appointed counsel. Her primary complaint to the court was her counsel refused to gather certain witnesses on behalf of Appellant. Appellant's difference in opinion with her counsel's trial strategy does not indicate, by itself, her counsel was unable to adequately represent her interests. *Barrera v. State*, No. 07-16-00376-CR, 2018 Tex. App. LEXIS 4629, at *8 (Tex. App.—Amarillo June 22, 2018, no pet.) (mem. op., not designated for publication) (attorney's decision not to present witnesses is a matter of trial strategy and not ineffective assistance of counsel). In addition, when asked by the court whether she had engaged the services of another attorney, she stated she had not. Permitting Appellant a continuance to seek new counsel would have resulted in a disruption and delay of the trial proceedings, and the trial court was within its discretion to deny her request. *Supra*. Under these circumstances, the trial court did not abuse its discretion in denying her request for new counsel. Her sole issue is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.

4